IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03630-NYW

RONALD KELLY and
SHELLI KELLY,

      Plaintiffs,
v.

UNITED STATES OF AMERICA,

      Defendant.

_____

## SCHEDULING ORDER
_____

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) <u>was vacated pursuant to the Amended Standing Order regarding the COVID-19 public health pandemic</u> ~~is scheduled for **March 17, 2020** at **10:30 a.m**. before United States Magistrate Judge Nina Y. Wang in the Courtroom A-502, Fifth Floor, the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado~~.  Appearing for the parties are:

| | |
|---|---|
| **John O. Martin** | **Elizabeth Hagerty** |
| Martin Law Firm, LLC | Assistant United States Attorney |
| 7350 East Progress Place, Suite 100 | US Attorney's Office \| District of Colorado |
| Greenwood Village, CO 80111 | 1801 California Street, Suite 1600 |
| Telephone: (303) 734-7150 | Denver, CO  80202 |
| E-Mail: john@jomlegal.com | Telephone: (303) 454-0101 |
| Attorney for Plaintiffs | Email:  elizabeth.hagerty@usdoj.gov |
| | Attorney for Defendant |

1

## 2. STATEMENT OF JURISDICTION

This case is brought pursuant to the Federal Tort Claims Act, and therefore jurisdiction is proper in this Court pursuant to 28 U.S.C. 1346(b)(1).

## 3. STATEMENT OF CLAIMS AND DEFENSES

  a. **Plaintiffs Ronald Kelly and Shelli Kelly**:  Plaintiff Ronald Kelly's claim is for medical negligence.  Plaintiff Shelli Kelly's claim is for loss of consortium.  Plaintiff Ronald Kelly was provided medical care by the medical providers at Sunrise Community Health.  Sunrise Community Health is a Federally Qualified Health Center, and therefore Defendant United States of America is liable for any medical negligence of the medical providers at Sunrise Community Health.  Plaintiff Ronald Kelly claims that the medical providers at Sunrise Community Health were negligent in failing to properly monitor and adjust his anticoagulation medications during anticoagulation bridge therapy relating to surgeries on his right knee.  As a result, Plaintiff Ronald Kelly suffered abnormal and excessive bleeding following the surgeries which resulted in the failure of his surgical wounds to heal appropriately.   This caused Plaintiff Ronald Kelly to undergo additional surgeries and related medical expenses, and to suffer lost income, physical and emotional injuries, and physical disability.  Plaintiff Shelli Kelly, the spouse of Plaintiff Ronald Kelly, claims that as a result of the medical negligence she has suffered loss of her rights of consortium, including noneconomic damages and economic losses for her husband's household services.

    **b.**   **Defendant United States of America:** The United States denies that its employees or agents acted negligently or proximately caused Plaintiffs' alleged damages. In addition, the United States intends to assert or explore through discovery the following defenses:

- Plaintiffs' damages are limited to the facts and circumstances and amounts set forth in their administrative claims. 28 U.S.C. § 2675(b).
- Plaintiffs' damages are limited to the caps imposed by Colorado law. Colo. Rev. Stat. § 13-64-302(1)(b)-(c).
- Plaintiffs' claims are barred to the extent they seek recovery based on alleged acts or omissions of anyone who was not an employee of the United States acting within the scope of his/her employment, or who was an independent contractor.
- Plaintiffs' claims are barred, or their damages reduced, to the extent they failed to mitigate their damages.
- Plaintiffs' damages and recovery may be diminished or barred by comparative fault to the extent that parties and non-parties were at fault. Colo. Rev. Stat. § 13- 21-111.
- The United States is not liable for prejudgment interest, expert witness fees, or attorney's fees.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.   Plaintiff Ronald Kelly was a patient of and received medical treatment from Sunrise Community Health medical providers.

2.   Sunrise Community Health is a Federally Qualified Health Center.

3. The medical providers who treated Plaintiff Ronald Kelly included Samuel Davis, M.D., Sean Filipovitz, M.D., Erma Gonzalez, RN, Diana Serna, MA, Meryn Harwood, PA, and Steve Ponicsan, PA. They are deemed employees of the Public Health Service in accordance with the Federally Supported Health Centers Assistance Act.

## 5. COMPUTATION OF DAMAGES

a. **Plaintiff Ronald Kelly**:

Past and future economic losses:

Medical expenses in excess of $655,104.

Loss of earnings in the amount of $658,800.

Out of pocket losses in the amount of $15,000.

Past and future non-economic losses:

Physical and mental pain and suffering, inconvenience, emotional stress, impairment of the quality of life, disfigurement, and physical impairment in excess of $300,000. (Capped at $300,000.)

Plaintiff also seeks statutory interest and costs as allowed by law in this case.

b. **Plaintiff Shelli Kelly**:

Past and future economic losses:

Loss of spousal household services and resulting expenses in the amount of $450,000.

Past and future non-economic losses:

      Loss of affection, society, companionship, and aid and comfort of injured spouse in excess of $300,000.  (Capped at $300,000.)

      Plaintiff also seeks statutory interest and costs as allowed by law in this case.

  **c.**  **Defendant United States of America**:  Defendant is not seeking damages from Plaintiffs but reserves the right to seek costs to which it may be entitled.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

  **a.**  **Date of Rule 26(f) meeting:**  Counsel for the parties conferred by telephone on Tuesday, February 25, 2020.

  **b.**  **Names of each participant and party he/she represented.**

    John O. Martin for Plaintiffs

    Elizabeth Hagerty for Defendant

  **c.**  **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**  The parties anticipate filing their Rule 26(a)(1) disclosures on or before **March 10, 2020**.

  **d.**  **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**  No changes are proposed.

  **e.**  **Statement concerning any agreements to conduct informal discovery:**  Plaintiffs have agreed to reasonably provide medical releases so that Defendant may obtain appropriate and non-privileged medical records from medical providers that Plaintiff Ronald Kelly saw related to the injuries and conditions alleged in the Complaint.  Plaintiffs have also agreed to provide Social Security Administration and tax releases.  Otherwise, the parties have not agreed to

conduct informal discovery.

   **f.**  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**  The parties agree to take all reasonable steps to reduce discovery and litigation costs and to use a unified system for numbering exhibits during depositions.  The parties also agree, to the extent reasonable and practicable, to use the same court reporting service for all depositions.  The parties agree that telephone depositions may be acceptable where practical and technically feasible, but both parties reserve the right to attend all depositions in person, even if one party is present by telephone.

   The parties agree that they will serve by email or electronic means all discovery requests and written responses and any other papers that are not filed through the CM/ECF system, unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery.  The parties agree that document productions may be served on disc via first-class mail or through a file sharing system.

   The parties agree that the production of privileged or protected documents (including electronic documents) without the intent to waive that privilege or protection does not constitute a waiver, so long as the disclosing party identifies the inadvertently-disclosed documents within a reasonable time, consistent with Fed. R. Evid. 502(d). If such documents are identified, they will be returned promptly to the disclosing party.

   **g.**  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**  The Parties anticipate

that their claims or defenses will involve the discovery of some electronically stored information, primarily the Plaintiff Ronald Kelly's medical records.  To the extent that discovery or disclosures involve information or records in electronic form, the Parties will take steps to preserve that information. The Parties agree that, to the extent feasible, the Parties will exchange information (whether in paper or electronic form) in PDF format.  The parties agree that where the document or information produced does not indicate information that may be important (such as the date, location and specific terminal on which the document was created or modified, the sender and all recipients, and other metadata), the parties should discuss whether and how such information may be produced.

>     **h.      Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**  The Parties have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution, but at this juncture settlement appears premature.  The Parties agree to have further discussions after discovery commences.

## 7.  CONSENT

All parties **have** consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

>     **a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**  ~~The parties agree to a limit of~~ <u>Each side may take up to</u> 12 depositions, excluding expert witnesses, and <u>serve up to</u> 25 interrogatories, including all discrete subparts~~, per side~~.

    **b.** **Limitations which any party proposes on the length of depositions.**  The parties agree to the presumptive <u>one day of</u> 7-hour limit for any one deposition.

    **c.** **Limitations which any party proposes on the number of requests for production and/or requests for admission.**  ~~The parties agree to a limit of~~ <u>Each side may serve up to</u> 25 requests for production and 25 requests for admission, including all discrete subparts~~, per side~~.

    **d.** **Deadline for Service of Interrogatories, Requests for Production of Documents and/or Admissions:**  October 17, 2020.

    **e.** **Other Planning or Discovery Orders:**  None.

### 9.  CASE PLAN AND SCHEDULE

    **a.** **Deadline for Joinder of Parties and Amendment of Pleadings:**  May 1, 2020

    **b.** **Discovery Cut-off:**  December 2, 2020

    **c.** **Dispositive Motion Deadline:**  January 4, 2021

    **d.** **Expert Witness Disclosure:**

      **1.** **The parties shall identify anticipated fields of expert testimony, if any.**  Plaintiffs anticipate designating experts in the fields of internal medicine/hematology, infectious disease, orthopedic surgery, economics, and any other relevant specialty.  Plaintiffs also anticipate designating the treating providers regarding their treatment of Plaintiff Ronald Kelly.

    Defendant anticipates that experts may be called in the fields of hematology, infectious disease, orthopedic surgery, pharmacy, economic damages, and any other relevant specialty.  The parties may identify other relevant areas for expert testimony as may be determined to be relevant during discovery.

**2.     Limitations which the parties propose on the use or number of expert witnesses.**  Each side shall be limited to twelve experts, including both specially retained experts and treating providers.

**3.     The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** September 17, 2020. This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

**4.     The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before** October 17, 2020.  This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

**e.     Identification of Persons to Be Deposed:**

1.     Plaintiff Ronald Kelly (7 hours)

    2.    Plaintiff Shelli Kelly (7 hours)

    3.    Samuel Davis, M.D. (3-4 hours)

    4.    Sean Filipovitz, M.D. (3-4 hours)

    5.    Erma Gonzaelz, RN (1-2 hours)

    6.    Diana Serna, MA (1-2 hours)

    7.    Meryn Harwood, PA (2-3 hours)

    8.    Steve Ponicsan, PA (2-3 hours)

    9.    Kirk A. Kindsfater, M.D. (2-3 hours)

    10.    Kelly R. Sanderford, M.D. (2-3 hours)

    11.    Steven Sides, M.D. (1-2 hours)

    12.    Specially retained experts (7 hours each)

    13.    Other witnesses as identified through discovery (4 hours each)

## 10. DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times: _____.

b.    A final pretrial conference will be held in this case on <u>March 4, 2021</u> at <u>10:00</u> o'clock <u>a</u>.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. None.

      b.      Anticipated length of trial and whether trial is to the court or jury.  The parties anticipate the trial to last 6 days.  Trial is to the Court.

      c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado 81301.   None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 25th day of March, 2020.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

_____   _____
**John O. Martin**                     **Elizabeth Hagerty**
Martin Law Firm, LLC                   Assistant United States Attorney
7350 East Progress Place, Suite 100    United States Attorney's Office | District of
Greenwood Village, CO 80111            Colorado
Telephone: (303) 734-7150              1801 California Street, Suite 1600
E-Mail: john@jomlegal.com              Denver, CO  80202
Attorney for Plaintiffs                Telephone: (303) 454-0101
                                       Email:  elizabeth.hagerty@usdoj.gov
                                       Attorney for Defendant

13