IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03630-NYW

RONALD KELLY, and
SHELLI KELLY,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

## UNITED STATES' DESIGNATION OF NON-PARTIES AT FAULT

Defendant the United States of America, by its undersigned counsel, hereby files its Designation of Non-Parties at Fault pursuant to C.R.S. § 13-21-111.5(3)(b). In support thereof, Defendant alleges as follows:

1. Plaintiffs bring this case under the Federal Tort Claims Act ("FTCA"), alleging that certain medical providers affiliated with the Sunrise Community Healthy system ("Sunrise") were negligent in the medical care and treatment of Plaintiff Ronald Kelly, particularly with respect to the monitoring and management of his anticoagulant medications prior to and following scheduled knee surgery. *See* Compl. ¶¶ 4, 25-28, 39, ECF No. 1.

2. Plaintiffs allege that these Sunrise providers' failure to appropriately monitor and manage Plaintiff Ronald Kelly's anticoagulant medications following a scheduled total knee replacement on June 20, 2017, caused him to suffer "abnormal and excessive bleeding and a failure of his surgical wound to heal." *Id.* ¶ 26.

1

3. Plaintiffs allege that, "[d]ue to the continued excessive bleeding and failure to heal," Plaintiff Ronald Kelly had to undergo a second surgery to "remove a large hematoma" and irrigate and debride the surgical site on July 11, 2017.  *Id.* ¶ 27.

4. Plaintiffs allege that these Sunrise providers again failed to appropriately monitor and manage Plaintiff Ronald Kelly's anticoagulant medications following the July 11, 2017, surgery, and that "as a result he suffered abnormal and excessive bleeding and a failure of his surgical wound to heal."  *Id.* ¶ 29.

5. Plaintiffs allege that because of this excessive bleeding and failure to heal, as well as the presence of an infection, Plaintiff Ronald Kelly had to undergo a third surgery, on July 19, 2017, to remove the initial knee replacement hardware and replace it with a temporary prosthesis.  *Id.* ¶ 31.  Plaintiffs allege that Plaintiff Ronald Kelly underwent a fourth surgery, on October 21, 2017, to restore his total knee replacement, but that this surgery was unsuccessful "due to the tissue damage created by the previous excessive bleeding, failure to heal, and infection."  *Id.* ¶ 32.  Plaintiffs allege that a fifth surgery finally was performed to reconstruct the knee replacement on November 6, 2017.  *Id.* ¶ 33.

6. Defendant submits that Plaintiff was treated by numerous third party medical providers during the foregoing period, and that there is a basis to believe that certain of those providers were negligent in ways that caused or contributed to Plaintiff Ronald Kelly's injuries.

7. *First*, medical records indicate that Plaintiff Ronald Kelly was seen by his orthopedic surgeon, Dr. Kelly R. Sanderford, MD, and a physician assistant, Michelle Lynn Remley, PA, on numerous occasions during the period of care at issue in this case.  These occasions included follow-up appointments on July 5, 2017, and July 10, 2017.  There is a basis

2

for believing that Dr. Sanderford and Ms. Remley did not properly or timely diagnose and treat Plaintiff Ronald Kelly's improper wound healing while he was under their care, allowing that condition to continue to worsen and increasing his risk of infection and injury, even with subsequent surgeries.  Furthermore, it does not appear that the symptoms and treatment reflected in the medical records of Plaintiff Ronald Kelly's foregoing appointments with Dr. Sanderford and Ms. Remley were timely conveyed to the Sunrise providers referenced in Plaintiff's Complaint, who continued to participate in his anticoagulation monitoring and treatment thereafter.

8. *Second*, medical records indicate that Plaintiff Ronald Kelly's joint capsule was not intact by the time of the July 11, 2017 surgery, which may have been the result of an inadequate capsule closure in the course of the surgery performed by Dr. Sanderford on June 20, 2017.  There is a basis to believe that such disruption of the capsule increased Mr. Kelly's risk of infection and injury.  It also increased the importance of adequately diagnosing and treating Mr. Kelly's improper wound healing while in Dr. Sanderford and Ms. Remley's care, as set forth above.

9. *Third*, medical records indicate that Plaintiff Ronald Kelly was seen by an infectious disease specialist, Dr. Ronald Quenzer, MD, during the period of care at issue in this case, including on July 15, 2017.  There is a basis for believing that Dr. Quenzer's decision to administer antiobiotics caused or contributed, in combination with the infection of Mr. Kelly's wound, to a significant increase in Mr. Kelly's international normalized ration ("INR") levels and bleeding, and his resulting hospitalization beginning on July 16, 2017.  Furthermore, it does not appear that Dr. Quenzer consulted, prior to such treatment, with the Sunrise providers

referenced in Plaintiff's Complaint, who had been participating in Mr. Kelly's anticoagulation monitoring and treatment.

10. Accordingly, pursuant to C.R.S. § 13-21-111.5(3)(b), Defendant designates the following non-parties potentially at fault: (1) Dr. Kelly R. Sanderford, MD, and Michelle Lynn Remley, PA, Banner Health Clinic, 5890 Wst 13th Street, Suite 101, Greeley, CO 80634; and (2) Dr. Ronald Quenzer, MD, Banner Health Clinic, 1801 16th Street, Greeley, CO 80631.

11. Undersigned counsel certifies, pursuant to C.R.S. § 13-20-602(3), that she consulted with healthcare professionals with expertise in the areas of the alleged negligent conduct, who reviewed the known facts and relevant medical records in this case, and who concluded, based on that review, that the filing of this designation does not lack substantial justification.

DATED: July 31, 2020.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*/s/ Elizabeth Hagerty*
Elizabeth Hagerty
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0101
Fax: 303-454-0407
elizabeth.hagerty@usdoj.gov

*Counsel for Defendant*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

john@jomlegal.com

*/s/ Elizabeth Hagerty*
Elizabeth Hagerty
Assistant United States Attorney