IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03630-NYW

RONALD KELLY AND
SHELLI KELLY,
    Plaintiffs

V.

UNITED STATES OF AMERICA,
    Defendant

---

### PLAINTIFFS' MOTION TO STRIKE THE EXPERT TESTIMONY OF TOBY TRUJILLO, PHARMD PURSUANT TO F.R.E. 702

---

COME NOW Plaintiffs Ronald Kelly and Shelli Kelly, by and through their attorneys, Martin Law Firm, LLC, to hereby submit their Motion to Strike the Expert Testimony of Toby Trujillo, PharmD under Federal Rule of Evidence 702.

### D.C.COLO.LCivR 7.1(a) CERTIFICATION

Undersigned counsel certifies under D.C.COLO.LCivR 7.1(a) that he conferred with counsel for Defendant, and counsel for Defendant stated that the United States opposes the requested relief.

### INTRODUCTORY SUMMARY

Pharmacist Toby Trujillo, PharmD is offered by the Defendant as an expert witness to testify concerning negligence issues for physicians in this case. Colo. Rev. Stat. § 13-64-401, a substantive Colorado law regulating medical malpractice actions, provides that no witness may "be qualified to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician unless [they are] … a licensed physician."

Toby Trujillo, PharmD is not a licensed physician. Therefore, he should be precluded from testifying as an expert witness "concerning issues of negligence" in this matter.

## INTRODUCTION

This is a medical malpractice action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et al.* This case arises from the postoperative management of Plaintiff Ronald Kelly's "bridge therapy" (involving anticoagulation medications), by the medical providers at the Sunrise Community Health system, a Federally Qualified Health Center. Plaintiff Ronald Kelly has a mechanical heart valve, which requires him to take the anticoagulant medication, Coumadin, for life. Plaintiff Ronald Kelly underwent a total knee replacement surgery in June 2017. Because of potential bleeding risks, the Coumadin had to be stopped prior to the surgery. To restart the Coumadin after the surgery and to reach a therapeutic Coumadin dose, a medical technique known as "bridge therapy" was utilized. In "bridge therapy" a second anticoagulation medication, Lovenox, is administered postoperatively to a patient along with restarting the Coumadin. The Lovenox is then stopped when the Coumadin reaches a therapeutic level.

However, the combination of the two anticoagulant medications being administered at the same time greatly increases the risk of postoperative bleeding. Therefore, close monitoring and management of the clotting times (using a blood test known as INR) and of the Coumadin dose is required. Plaintiffs Ronald Kelly and his wife Shelli specifically contend two family medicine physicians at Sunrise Community Health, Samuel Davis, MD and Sean Filipovitz, MD, negligently failed to appropriately monitor and manage Plaintiff Ronald Kelly's bridge therapy following his surgery. As a result, Plaintiff Ronald Kelly remained on the two anticoagulant medications for an inappropriate and excessive time following the surgery. This caused him to suffer abnormal and excessive bleeding, infection, the need for subsequent surgeries, and related damages.

Defendant seeks to present expert testimony from Toby Trujillo, PharmD, who is not a physician, to testify concerning issue of negligence for the physician medical providers at Sunrise Community Health. His report states:

> I have been asked to render an opinion on whether the treatment provided to Mr. Kelly by Sunrise medical providers, principally Dr. Samuel Davis and Dr. Sean Filipovitz, met the standard of care.

*See* **Exhibit 1**, Dr. Trujillo's expert report and Curriculum Vitae.

The Colorado General assembly has enacted a specific set of laws to govern medical negligence actions in Colorado, the Health Care Availability Act ("HCAA"), Colo. Rev. Stat. § 13-64-101 *et al.,* which provides in Section 401:

> No person shall be qualified to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician unless he not only is a licensed physician…

Colo. Rev. Stat. § 13-64-401.

This case is a medical malpractice action or proceeding against a physician. Whether the treatment of Dr. Davis and Dr. Filipovitz met the standard of care for physicians is certainly testifying "concerning issues of negligence." Accordingly, because Toby Trujillo, PharmD is not a licensed physician, Section 401 of the HCAA precludes him from testifying concerning such "issues of negligence" in this medical malpractice action, and this Court should strike his proposed testimony in its entirety.

**I. THE TENTH CIRCUIT APPLIES STATE SUBSTANTIVE LAW TO CLAIMS BROUGHT PURSUANT TO THE FEDERAL TORT CLAIMS ACT**

The FTCA's waiver of sovereign immunity provides that the United States may only be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (2010). Stated another way, the FTCA looks to "the law of the

3

place where the act or omission occurred" to determine whether, under the circumstances, "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (2010).

In interpreting this language, the Supreme Court has consistently found that a state's substantive law, not procedural, applies in actions brought under the FTCA. *See FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("[W]e have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State—the source of substantive liability under the FTCA.") State substantive law applies to suits brought against the United States under the FTCA. *See* 28 U.S.C. § 1346(b)(1).

"The FTCA provides that the United States shall be liable under state tort law only 'in the same manner and to the same extent as a private individual under like circumstances.'" *Hill v. SmithKlineBeecham, Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (quoting *Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396 (10th Cir. 1993)). Thus, the Tenth Circuit has recognized that Colorado law applies to suits brought against the United States under the FTCA. *Hill*, 393 F.3d at 1117-18 ("State substantive law applies to suits brought against the United States under the FTCA").

## II.     COLORADO'S HCAA IS SUBSTANTIVE LAW

The Colorado General Assembly specifically enacted the HCAA to define the substantive right under Colorado law to bring a medical malpractice action. Colo. Rev. Stat. § 13-64-102. The Legislative Declaration to the HCAA provides:

> The general assembly determines and declares that it is in the best interests of the citizens of this state to assure the continued availability of adequate health care services to the people of this state by containing the significantly increasing costs of malpractice insurance for medical care institutions and licensed medical care professionals, and that such is rationally related to a legitimate state interest. To attain this goal and in recognition of the exodus of professionals from health care practice or from certain portions or specialties

4

> thereof, **the general assembly finds it necessary to enact this article limited to the area of medical malpractice to preserve the public peace, health, and welfare**.

C.R.S. § 13-64-102(1) (Emphasis added).

To further these goals, the HCAA requires a witness to be a licensed physician "to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician." Colo. Rev. Stat. § 13-64-401(emphasis added). This HCAA provision on expert testimony is not merely a procedural rule of litigation, it is a substantive part of a medical malpractice claim under Colorado law.

The Tenth Circuit recognizes that substantive enactments like the HCAA, such as Colorado's certificate of review statute, C.R.S. § 13-20-602, apply in diversity and FTCA cases. The Tenth Circuit has recognized that Colorado's substantive laws defining the contours of professional negligence claims in Colorado, such as Colorado's certificate of review statute, apply in diversity and FTCA cases.

For example, in *Trierweiler v. Croxton Trench Holding Corp.*, a diversity jurisdiction case, the Tenth Circuit recognized Colorado's certificate of review statute applied because "[t]he balance of interests apparent in the legislative scheme … [shows] that the Colorado certificate of review statute manifests 'a substantive decision by that State.'" 90 F.3d 1523, 1541 (10th Cir. 1996) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980)).

And in Hill: *"*[W]e conclude that the Colorado review statute is applicable to professional negligence claims brought against the United States under the FTCA." *Hill*, 393 F.3d at 1111; *Kikumura v. Osagie*, 461 F.3d 1269, 1297 (10th Cir. 2006) (upholding application of Certificate of Review statute in a FTCSA case). As the *Hill* Court reasoned, to hold otherwise would effectively place the United States in a different position than a private party defending against a

claim of medical negligence under Colorado law, "thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA." *Hill*, 393 F.3d at 1118.

The dual policies of the *Erie* rule, "discouragement of forum-shopping and avoidance of inequitable administration of the laws," militate toward applying the HCAA in federal court. *Hanna v. Plumer*, 380 U.S. 460, 468 (1968). Declining to apply the HCAA to medical malpractice actions brought in the federal court when the HCAA would apply to similar actions brought in state court, where the HCAA applies, would result in substantially different results between state and federal court outcomes.

Undoubtedly, the Defendant in this case will take the position that the statutory damage caps on liability created by the HCAA in C.R.S. § 13-64-403 apply to this medical malpractice action brought under the FTCA.  For example, in *Haceesa v. United States,* the Tenth Circuit held a medical malpractice action based on care in New Mexico was subject to New Mexico's statutory recovery cap for medical malpractice cases, N.M. Stat. Ann. § 41-5-6(A). 309 F.3d 722 (10th Cir. 2002). Whether the recovery cap applied turned on whether the "FTCA suit against the United States, arising from the actions of a nurse and health care administrators, [was] a suit against a 'health care provider' within the meaning of the recovery cap statute." *Id.* at 728. "[B]ecause an analogous suit against a private hospital based on the actions of employees who are not themselves health care providers would be subject to the recovery cap," the FTCA suit against the Government was also subject to the cap. *Id.* at 279-230.

If the HCAA applies in state but not federal court, inequitable results would occur based on forum selection considerations. As the HCAA is a substantive law of Colorado, it must apply in actions brought under the FTCA.

6

### III. THE HCAA MANDATES ONLY LICENSED PHYSICIANS CAN TESTIFY AS TO ISSUES OF NEGLIGENCE IN MEDICAL MALPRACTICE ACTIONS

In medical malpractice actions where the expert seeks to provide opinion testimony concerning issues of negligence, the required qualifications are delineated and governed by the HCAA, which states:

> No person shall be qualified to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician **unless he not only is a licensed physician** but can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience in the evaluation, diagnosis, and treatment of the disease or injury which is the subject matter of the action or proceeding against the physician defendant, he was substantially familiar with applicable standards of care and practice as they relate to the act or omission which is the subject of the claim on the date of the incident.

Colo. Rev. Stat. § 13-64-401(emphasis added).

To be qualified as an expert concerning issues of negligence, the proposed expert witness must be a licensed physician in addition to meeting other requirements. The HCAA provisions on expert testimony are not merely procedural rules of litigation, they are a substantive part of a medical negligence claim under Colorado law.

### IV. TOBY TRUIJLLO, PHARMD IS NOT A LICENSED PHYSICIAN AND CANNOT TESTIFY CONCERNING ISSUES OF NEGLIGENCE IN THIS MEDICAL MALPRACTICE ACTION

Toby Trujillo, PharmD is a Doctor of Pharmacy. His education, training, and professional background are exclusively within the field of pharmacology. He is simply not a licensed physician. Therefore, under Colorado law, Toby Trujillo, PharmD cannot be qualified to testify as an expert witness concerning issues of negligence by physicians in this medical malpractice action.

Federal Rule of Evidence 702 provides the standard by which a Court is to evaluate proposed expert testimony. Here, where Colorado has enacted specific substantive laws governing the admission of expert testimony in medical negligence actions, the Court's CRE 702 analysis must incorporate Colorado's substantive requirement that only licensed physicians testify in medical malpractice actions. Therefore, this Court must preclude Toby Trujillo, PharmD from testifying concerning issues of negligence by physicians in this case.

## CONCLUSION

The challenged opinions of Toby Trujillo, PharmD are exactly the type of non-medical opinions that the HCAA operates to exclude. Toby Trujillo, PharmD is not a licensed physician and is thus statutorily unqualified to testify as an expert witness concerning issues of negligence by physicians in a medical malpractice action.

Respectfully submitted this 24th day of March 2021.

s/ John O. Martin
John O. Martin
Martin Law Firm, LLC
7350 East Progress Place, Suite 100
Greenwood Village, CO 80111
Telephone: (303) 734-7150
E-Mail: john@jomlegal.com
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021 a true and correct copy of the foregoing was served to all counsel via the United States District Court's CM-ECF Service:

8

**Elizabeth Hagerty**
Assistant United States Attorney
United States Attorney's Office | District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0101
Email: elizabeth.hagerty@usdoj.gov